## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Ryan Moayed, being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.     I make this affidavit in support of a criminal complaint charging Angel Ruben Uyaguari-Llivicura ("defendant") with reentry of a removed alien in violation of 8 U.S.C. § 1326.

2.     I am a Border Patrol Agent ("BPA") with the Border Patrol, United States Customs and Border Protection, within the United States Department of Homeland Security. I have been a Border Patrol employee since April 2025 and have been an agent with the Border Patrol since completing the Border Patrol Academy in October 2025. I am currently assigned to the Rangeley Border Patrol Station in Rangeley, Maine. I completed the Border Patrol Academy in October 2025, where I received instruction in constitutional law, immigration law, criminal law, and federal and civil statutes. I routinely perform record checks through various law enforcement databases to establish accuracy of information as well as to gather facts relevant to individual cases. I have assisted fellow agents in the development of their cases.

3.     The information in this affidavit is based upon my review of records and information furnished to me in my official capacity—including, for example, records and information from BPA Jonathan Lemay and others—as well as information gained through my training and experience. This affidavit is intended to provide the facts necessary for a determination of probable cause for the requested arrest warrant and complaint.

PROBABLE CAUSE

4. I and Border Patrol Agent-Intelligence/Prosecution Case Manager Ysean Ali have performed one or more records checks on the defendant and I have reviewed records demonstrating the following:

   a. The defendant is a native and citizen of Ecuador by virtue of birth. Both of the defendant's parents are from Ecuador.

   b. A search of various systems to which the Border Patrol has access showed no claim, or potential claim, to United States citizenship.

   c. The Border Patrol previously encountered the defendant within the United States in April 2022.

   d. On April 8, 2022, a Border Patrol Agent determined that the defendant was inadmissible to the United States under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA") and was subject to removal in that he was an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the INA, and that he illegally entered the United States by crossing the Rio Grande River near the Eagle Pass, Texas Port of Entry on April 7, 2022, with the intention of going to Danbury, Connecticut to reside and seek employment.

   e. A Deportation Officer with Immigration and Customs Enforcement ("ICE"), United States Department of Homeland Security, issued an Order of Removal under Section 235(b)(1) of the INA, finding the defendant inadmissible and ordering him removed from the United States. The Order was personally served on the defendant on May 16, 2022.

f. On about April 8, 2022, a Border Patrol Agent issued a *Notice to Alien Ordered Removed/Departure Verification*. The Notice informed the defendant, in part:

   i. "You have been found to be inadmissible to the United States under the provisions of section 212(a) of the Immigration and Nationality Act (Act) or deportable under the provisions of section 237 of the Act as a Visa Waiver Pilot Program violator. In accordance with the provisions of section 212(a)(9) of the Act, you are prohibited from entering, attempting to enter, or being in the United States [f]or a period of 5 years from the date of your departure from the United States as a consequence of your having been found inadmissible as an arriving alien in proceedings under section 235(b)(1) or 240 of the Act."

   ii. "After your removal has been effected, you must request and obtain permission from the Secretary of Homeland Security to reapply for admission to the United States during the period indicated. You must obtain such permission before commencing your travel to the United States. Application forms for requesting permission to reapply for admission may be obtained by contacting any United States Consulate or U.S. Department of Homeland Security office. Refer to the above file number when requesting forms or information."

   iii. "WARNING FOR ALL REMOVED ALIENS: It is a crime under Title 8 United States Code, Section 1326, for an alien who has been

    removed from the United States to enter, attempt to enter, or be found in the United States without the Secretary of Homeland Security's express consent. Depending on the circumstances of the removal, conviction for this crime can result in imprisonment of a period of from 2 to 20 years and/or a fine up to $250,000."

  g. On June 3, 2022, the defendant was removed from the United States through Alexandria, Louisiana.

5. I conducted a review of the systems to which the Border Patrol has access that track applications for immigration benefits and actions taken regarding such applications. No pending applications or petitions filed by the defendant or on his behalf seeking consent of the Secretary of the United States Department of Homeland Security ("DHS") to reapply for admission to the United States were located, nor was any record located of the Secretary of DHS granting express consent for the defendant to reapply.

6. I have reviewed reports and information from BPA Jonathan Lemay regarding a January 15, 2026 encounter with the defendant. Based my review of those reports and other materials, as well as my personal involvement, I am aware of the following in summary and in part.

  a. On January 15, 2026, I and other BPAs were on patrol in or near Bethel, Maine. BPA Vossen observed a van that was full of individuals. Other BPAs also observed a Chevy van traveling north toward Bethel.

  b. I was parked in a lot along Route 2 and observed a van pass at a high rate of speed and driving in the middle of the road. I pulled out to follow the van, which abruptly turned onto Songo Road, sliding its rear tires in the

    process. I followed the vehicle, activating my lights and sirens to conduct an immigration inspection.

c. After I activated my lights, the van's speed increased and it was being operated erratically, sliding its rear tires on curves and not adhering to the road lanes. I followed the van with my lights and sirens activated for approximately one-and-a-half miles. The van then turned onto Skillings Road and continued to drive up the hill before turning onto a driveway. I observed the van's doors open and individuals pushing each other to get out while the van was still moving. I observed approximately eight or nine individuals jump out of the van and run into the woods.

d. I pursued the occupants, identifying myself and ordering them to stop. I was able to detain one occupant of the van.

e. BPAs Lemay and Vossen began pursuing and/or tracking the van's other occupants through the nearby woods.

f. BPA Lemay followed footprints in the snow for approximately ten minutes before observing a group of five individuals approximately fifty yards ahead of him. BPA Lemay stated "Border Patrol, stop" in Spanish, but the individuals continued to run. BPA Lemay followed the individuals across Grover Hill Road, up Sparrowhawk Mountain, down the other side, further through the woods, and to an area just before Gentle Ben Lane, repeatedly yelling in Spanish, "Border Patrol, Stop!" along the way. BPA Lemay pursued the group for approximately six miles over the course of approximately two hours.

g.  Eventually, BPA Lemay successfully commanded the five individuals—including the defendant—to stop. BPAs Lemay and Vossen and I detained the defendant and four others for immigration purposes.

h.  The defendant was transported to the Border Patrol station in Rangely, Maine. The defendant's identity was confirmed by submitting his fingerprints through one or more systems to which the Border Patrol has access.

## CONCLUSION

7. Based on my training and experience and the facts as set forth in this affidavit, I submit that probable cause exists to believe that Angel Ruen Uyaguari-Llivicura is an alien and was found within the United States of America after having been previously removed therefrom on about June 3, 2022, and not having obtained the express consent of the Secretary of DHS to reapply for admission to the United States in violation of 8 U.S.C. § 1326(a).

I, Ryan Moayed, hereby swear under oath that the information set forth in this affidavit is true and correct to the best of my knowledge, information, and belief, and that I make this oath under the pains and penalties of perjury.

Dated at Portland, Maine this 21st day of January, 2026.

Ryan Moayed, Border Patrol Agent
U.S. Customs and Border Protection
U.S. Department of Homeland Security

Sworn to telephonically and signed electronically in accordance with the requirements of Rule 4.1 of the Federal Rules of Criminal Procedures

Date: Jan 22 2026

City and state: Portland, Maine

Karen Frink Wolf, U.S. Magistrate Judge
Printed name and title