**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

UNITED STATES OF AMERICA

v.

ANGEL RUBEN UYAGUARI-LLIVICURA

No. 2:26-mj-00024-KFW

**GOVERNMENT'S BRIEF REGARDING**
**HOLDING THE GOVERNMENT'S MOTION TO DISMISS IN ABEYANCE**

The government submits this brief to respectfully inform the Court that it does not oppose the Court holding its Motion for Leave to Dismiss Complaint (Dkt. 18) in abeyance pending the First Circuit's resolution of the appeal in *United States v. Pena de la Cruz,* No. 25-1648 (1st Cir. July 9, 2025).

**Statement of the Case**

On April 8, 2022, a Border Patrol Agent determined that the defendant—a noncitizen—was inadmissible to the United States under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA") and was subject to removal. *See* Dkts. 1-1 at 2, 23-1 at 1. A Deportation Officer with Immigration and Customs Enforcement ("ICE"), United States Department of Homeland Security ("DHS"), issued an Order of Removal under Section 235(b)(1) of the INA, finding the defendant inadmissible and ordering him removed from the United States. *See* Dkts. 1-1 at 2, 23-1 at 1. The defendant was removed on June 3, 2022. *See* Dkts. 1-1 at 4, 23-2 at 1.

The defendant subsequently reentered the United States. Border Patrol agents encountered the defendant in Maine on January 15, 2026, and detained him for immigration purposes. Dkt. 1-1 at 4, 6. The Court issued the complaint and arrest warrant in this criminal matter on January 22, 2026. Dkt. 1. The defendant was arrested

pursuant to the warrant on January 22, 2026, and made his initial appearance before the Court that day. Dkt. 6. The Court ordered the defendant temporarily detained. Dkts. 6, 10. On January 29, 2026, the defendant waived preliminary hearing. Dkts. 12, 13. That same day, after a contested detention hearing, the Court ordered the defendant released in the criminal matter on personal recognizance bond and subject to conditions pursuant to the Bail Reform Act ("BRA"), 18 U.S.C. § 3141 *et seq.* Dkts. 12, 15, 17.

Following the defendant's release from custody in the criminal matter, and because the defendant was illegally present in the United States, he was transferred to ICE custody for further proceedings consistent with the INA, including reinstatement of his previous Order of Removal. *See* 8 U.S.C. § 1321(a)(5).[1]

Pursuant to Federal Rule of Criminal Procedure 48(a), the government moved for leave to dismiss the complaint on February 24, 2026.[2] Dkt. 18. In response, the

---

[1]     Pursuant to 8 U.S.C. § 1321(a)(5), "[i]f the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry." Section 1231(a)(5) "applies 'to all illegal reentrants . . . .'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 530 (2021) (citation omitted).

Once an alien is ordered removed, the Department of Homeland Security ("DHS") must remove him from the United States within a 90-day "removal period." *See Guzman Chavez*, 594 U.S. at 528 (*citing* 8 U.S.C. § 1231(a)(1)(A)). The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final," (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the alien is released from non-immigration detention or confinement. *See id.* (*citing* 8 U.S.C. § 1231(a)(1)(B)). "During the removal period, detention is mandatory." *Id.* (*citing* 8 U.S.C. § 1231(a)(2)). Under 8 U.S.C. § 1231, the removal period may be extended past the 90 days in limited circumstances. *Id.* at 528-29.

[2]     In its Motion for Leave to Dismiss the Complaint, the government explained, "The government understands that the defendant is currently detained outside the District of Maine[,]" and that it "anticipates that the defendant will be removed from the United States expeditiously and thus will be unable to appear for timely trial in this matter." Dkt. 18 at 2-3. After the Court ordered briefing on holding this matter in abeyance, Dkt. 24, the defendant's counsel inquired as to the defendant's whereabouts and whether he had been removed. In

defendant did not oppose dismissal but argued that it should be granted with prejudice. *See* Dkt. 19. The government replied, asserting that the defendant's arguments are contrary to persuasive authority from several circuits holding the government may pursue prosecution and removal simultaneously and to settled law that dismissal with prejudice is reserved for rare cases where the defendant shows the government has acted in bad faith or for an improper purpose. Dkt. 23. In its reply, the government noted:

> An appeal is currently pending before the First Circuit regarding a district court's dismissal with prejudice of an indictment where the defendant, released on bail under the BRA, entered ICE custody and was removed from the United States pursuant to the INA. *See United States v. Pena de la Cruz,* 25-1648 (1st Cir.). Other appeals have been stayed pending a decision in *Pena de la Cruz. See e.g. United States v. Tamup-Tamup,* 25-2004 (1st Cir), *United States v. Maldonado Rodriguez,* 26-1148 (1st Cir.).

*Id*. at 4 &n.4.

On June 5, 2026, the Court ordered the parties to brief "why it should not hold this case in abeyance pending the First Circuit[']s resolution of *United States v. Pena de la Cruz*, No. 25-1648 (1st Cir. July 9, 2025) . . . ." Dkt. 24. The government does not oppose the matter being held in abeyance pending resolution of *Pena de la Cruz.*

---

following up on defense counsel's inquiry, undersigned counsel learned from Border Patrol that, according to the ENFORCE Alien Removal Module ("EARM"), the defendant was booked out of the Louisiana central processing center and removed from the United States on February 19, 2026.

**ARGUMENT**

**STAYING PROCEEDINGS IN THIS CASE WILL PROMOTE JUDICIAL ECONOMY, POTENTIALLY PROVIDE VALUABLE GUIDANCE TO THE COURT, LIKELY BE OF LIMITED DURATION, AND RESULT IN NO PREJUDICE TO THE DEFENDANT.**

"It is apodictic that federal courts possess the inherent power to stay proceedings for prudential reasons." *Microfinancial, Inc. v. Premier Holidays Intern., Inc.,* 385 F.3d 72 (1st Cir. 2004) (*citing Landis v. N. Am. Co.,* 299 U.S. 248, 254-55 (1936); *Marquis v. FDIC,* 965 F.2d 1148, 1154-55 (1st Cir. 1992)) (finding no error in district court's denial of motion to stay civil litigation during pendency of parallel criminal investigation); *see also Landis,* 299 U.S. at 254 ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

The matter of *United States v. Pena de la Cruz,* No. 25-1648, remains pending before the First Circuit. Because *Pena de la Cruz* involves a district court's standing order and case-specific order requiring pre-deportation notice to the court and dismissal with prejudice, the government identified the issue in *Pena de la Cruz* as follows:

> The district court erred in dismissing the indictment with prejudice under Fed. R. Crim. P. 48(a) on the basis that it disagrees with the Executive Branch decision to remove defendant from the United States rather than prosecute him, contrary to Supreme Court and circuit court precedent. The Court should reverse and remand with instructions that the court (a) dismiss the indictment without prejudice, and (b) vacate its general order requiring notice prior to removal and automatic dismissal with prejudice upon such notice and removal.

Brief for Appellant at 6, 7-14, *Pena de la Cruz,* No. 25-1648 (1st Cir. Aug. 13, 2025). While such orders are absent in the defendant's case, both matters squarely present the

Page **4** of **7**

question of the interplay between the BRA and the INA in a district court's analysis under Federal Rule of Criminal Procedure 48(a). Therefore, the First Circuit's ruling in *Pena de la Cruz* will likely provide the Court with instructive—if not controlling— precedent on the issue before it. Even if the decision in *Pena de la Cruz* does not ultimately dictate the outcome here, it will likely provide substantial guidance relevant to the Court's analysis and ruling on the government's request for leave to dismiss. Thus, staying proceedings pending the First Circuit's judgment in *Pena de la Cruz* will serve the interest of judicial economy by conserving limited judicial resources and avoiding the necessity for duplicative briefing or argument and the potential for a decision inconsistent with the First Circuit's judgment in *Pena de la Cruz*.

The defendant has already been removed from the United States consistent with, and pursuant to, the INA. A delay in resolving the government's Motion for Leave to Dismiss will not prejudice the defendant and will instead promote a fair and efficient resolution of the matter. Moreover, it is likely that the period of delay will be limited, encompassing only the period necessary for the First Circuit to resolve pending, independent proceedings that nevertheless bear upon the issue presented in the defendant's case. The parties have already fully briefed their positions in *Pena de la Cruz* (including submitting citations to supplemental authorities) and oral argument was held on December 3, 2025.

Because a stay pending the First Circuit's resolution of *Pena de la Cruz* will promote judicial economy, provide relevant precedent to the Court, likely be of limited duration, and not prejudice the defendant, the government does not oppose such a stay.

Dated: June 10, 2026                    Respectfully submitted,

                                        ANDREW B. BENSON
                                        United States Attorney

                        BY:    */s/ Nicholas Heimbach*
                               Assistant United States Attorney
                               U.S. Attorney's Office
                               100 Middle Street, East Tower, 6th Floor
                               Portland, ME 04101
                               (207) 780-3257
                               Nicholas.heimbach@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2026, I electronically filed the foregoing Brief with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Caleigh Milton, Esq.
Counsel for the Defendant

ANDREW B. BENSON
United States Attorney

BY:    */s/ Nicholas Heimbach*
Assistant United States Attorney
U.S. Attorney's Office
100 Middle Street, East Tower, 6th Floor
Portland, ME 04101
(207) 780-3257
Nicholas.heimbach@usdoj.gov