**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) |
| | ) |
| **v.** | )   **2:26-mj-024** |
| | ) |
| | ) |
| **ANGEL RUBEN UYAGUARI-LLIVICURA** | ) |

**DEFENDANT'S BRIEF REGARDING THE TIMING OF THE COURT'S RULING ON THE GOVERNMENT'S MOTION TO DISMISS**

Now comes Defendant Angel Ruben Uyaguari-Llivicura, by and through undersigned counsel, and hereby submits this memorandum in support of his request that the Court determine whether dismissal under Federal Rule of Criminal Procedure 48(a) should be with prejudice and decline to hold the issue in abeyance pending resolution of a similar appeal currently before the First Circuit in *United States v. Pena de la Cruz.* No. 25-1648 (1st Cir. July 9, 2025).

Mr. Uyaguari-Llivicura was arrested and charged with unlawful reentry on January 22, 2026. (ECF Nos. 1-3). He was detained at the Cumberland County Jail from January 22, 2026, through January 30, 2026. On January 29, 2026, the Court ordered Mr. Uyaguari-Llivicura released with conditions. (ECF No. 15). On January 30, 2026, he was released by the Cumberland County Jail into the custody of U.S. Border Patrol. The Government moved to dismiss the indictment against Mr. Uyaguari-Llivicura on February 24, 2026. (ECF No. 18). In its motion the Government indicated that Mr. Uyaguari-Llivicura is being held in a detention facility outside the State of Maine. *Id.* The defense agrees that dismissal is appropriate but on March 3, 2026, through a response to the Government's motion, requested that the dismissal be entered with prejudice. (ECF No. 19). The Government filed its Reply on March 18, 2026. (ECF No. 23). On June 9, 2026,

1

the government informed counsel that Mr. Uyaguari-Llivicura was removed from the United States on February 19, 2026.

Mr. Uyaguari-Llivicura acknowledges that the appeal in *United States v. Pena de la Cruz*, currently pending before the First Circuit, presents issues substantially similar to those raised here, namely whether the government's motion to dismiss under Federal Rule of Criminal Procedure 48(a) should be granted with or without prejudice. *Pena de la Cruz*, No. 25-1648. The defense further recognizes that there may be some efficiency in awaiting guidance from the Court of Appeals before this Court resolves that question. On the other hand, the present matter is factually distinguishable from *Pena de la Cruz*. Therefore, Mr. Uyaguari-Llivicura respectfully submits that the balance of considerations weighs against holding this matter in abeyance. The issue before the Court is ripe and fully briefed. Moreover, postponing ruling would impose continuing prejudice on Mr. Uyaguari-Llivicura.

## I. *PENA DE LA CRUZ* IS DISTINGUISHABLE FROM THE PRESENT MATTER

While it is true that *Pena de la Cruz* deals with the question of whether a dismissal pursuant to Federal Rule of Criminal Procedure 48(a) should be with or without prejudice when a non-citizen defendant has been released and removed from the country by ICE, there are key factual and procedural differences here.

First, the defendant in *Pena de la Cruz* was charged with money laundering conspiracy and aiding and abetting money laundering. *U.S. v. Pena de la Cruz*, No. 25-1648 (1st Cir. July 9, 2025) (citing Joint Appendix at 9). This is a serious substantive offense. The maximum possible punishment for this offense is 20 years. *See* 18 U.S.C. § 1956. It is a Class C felony. *See Id.*; *see also* 18 U.S.C. § 3559(a)(3). Conversely, Mr. Uyaguari-Llivicura is charged with unlawful-reentry. In terms of the seriousness of this offense, it falls at the low end of the spectrum. It is a

Class E felony. *See* 18 U.S.C. §§ 1326(a), 3559(a)(5), 1326(a)(2). The maximum possible period of imprisonment is two years. *Id*. In all likelihood, Mr. Uyaguari-Llivicura's guideline range would be zero to six months. While certainly any alleged violation of law is serious, there is no indication that Mr. Uyaguari-Llivicura caused direct harm to other people.

A second, critical distinction between the present matter and *Pena de la Cruz*, is that here, the Government moved to dismiss the case, signaling that it no longer wishes to pursue prosecution of Mr. Uyaguari-Llivicura. In *Pena de la Cruz,* it was the defendant who initially moved to dismiss with prejudice upon learning of an order of removal. *Pena de la Cruz*, No. 25-1648 (citing Joint Appendix at 19). The defendant subsequently withdrew the motion to dismiss. *Id.* at 36. The court ordered the government to provide prior notice of when the defendant would be removed from the country and then treated that notice as a constructive motion to dismiss without prejudice. *Id.* at 8, 71. The government in *Pena de la Cruz* did not make a written or oral motion to dismiss. Whereas here, the Government is clear that it has no interest in continuing this prosecution.

Finally, it's worth noting that the issue on appeal in *Pena de la Cruz* is viewed very differently by the parties involved. The government asserts that the district court has unilaterally decided to dismiss with prejudice *all* similar cases of defendants released to ICE custody and subsequently deported. *Pena de la Cruz*, No. 25-1648 (citing Reply Brief for the Appellant U.S. at 4). However, the defense rejects this inference, arguing instead that the court's dismissal was "based on the facts and circumstances of this case." *Id.* (citing Brief for the Defendant-Appellee at 16). In essence, the government seeks to reverse a perceived blanket rule, while the defendant seeks to uphold a fact-specific decision. The decision by the First Circuit will potentially be more akin to an *as applied* opinion than one that creates binding authority for all dismissals under Fed. R. Crim. P. 48(a). Because the facts of these two cases present nuanced differences, Mr. Uyaguari-

Llivicura respectfully suggests that holding ruling on the Motion to Dismiss here appears to be unwarranted, while recognizing the Court's discretion to decide the issue upon its own reading.

## II.   THE COURT HAS SUFFICIENT AUTHORITY TO DECIDE THE RULE 48(a) ISSUE NOW

A district court's authority to determine whether a Rule 48(a) dismissal should be entered with or without prejudice arises from the text of the Rule and existing precedent interpreting it. While the First Circuit's forthcoming decision may provide useful guidance, there is no indication when that decision will be issued. The appeal could be resolved in a matter of weeks, months, or longer. In the meantime, this case would remain in procedural limbo despite the Government's position that it no longer wishes to pursue the prosecution.

The mere existence of a pending appeal involving similar legal questions does not divest a district court of its obligation to decide matters properly before it. Courts routinely adjudicate issues despite the possibility that future appellate decisions may provide additional guidance. If the prospect of forthcoming appellate authority were enough to justify withholding decision, litigation could be delayed whenever a similar issue was pending elsewhere.

The relevant facts are undisputed. The Government elected to seek dismissal after the defendant was detained by immigration authorities and apparently removed from the district and the country. The legal consequences of that decision can be evaluated under the existing Rule 48(a) framework. No additional factual development is necessary, and no jurisdictional obstacle prevents the Court from deciding whether dismissal should be with prejudice. Appellate guidance, standing alone, does not outweigh Mr. Uyaguari-Llivicura's interest in a prompt and final resolution of the criminal charge.

4

## III. HOLDING THE ISSUE IN ABEYANCE WOULD PREJUDICE MR. UYAGUARI-LLIVICURA

Mr. Uyaguari-Llivicura has a substantial interest in obtaining a final resolution of the criminal charge. A dismissal without prejudice leaves open the possibility that the Government may later refile the prosecution. Until the Court determines whether dismissal is with prejudice, he remains subject to uncertainty regarding the pending criminal case, he continues to face a pending criminal charge, he remains subject to conditions of release, and his potential future exposure remains unresolved. Holding this matter in abeyance technically requires Mr. Uyaguari-Llivicura to continue to abide by conditions of release that he turn over his passport, subject himself to supervision, reside as approved by his supervising officer, and have an ankle monitor. (ECF No. 15). His failure to abide by these conditions expose him to the issuance of a warrant for his arrest, revocation of release, an order of detention or a prosecution for contempt of court, and more. *Id.* Conversely, the government suffers no such harm or restriction however long this matter continues.

This prejudice is particularly acute where Mr. Uyaguari-Llivicura has already been removed. Delaying final resolution effectively extends the consequences of a criminal prosecution that the Government itself no longer wishes to pursue. The Government seeks the benefit of dismissal while preserving the possibility of future prosecution. Mr. Uyaguari-Llivicura by contrast bears the burden of indefinite uncertainty and risk of punishment for violation of conditions of release.

Mr. Uyaguari-Llivicura is entitled to a prompt and final resolution of his matter. Those interests are not served by postponing a decision that can be made now. Accordingly, although Mr. Uyaguari-Llivicura recognizes that the pending appeal raises substantially similar issues and

understands why the Court may consider awaiting the First Circuit's guidance, he respectfully requests that the Court resolve the Government's Rule 48(a) motion without further delay.

## IV.    CONCLUSION

For the forgoing reasons, the Court should decline to hold the matter in abeyance pending resolution of the appeal currently before the First Circuit and should proceed to determine whether the Government's Rule 48(a) motion should be granted with prejudice.

Dated:  June 18, 2026

Respectfully submitted,

/s/Caleigh Milton, Esq.
Attorney for Defendant
Assistant Federal Public Defender
P.O. Box 595
Portland, Me 04112-0595
207-553-7070
FAX: 553-7017
Caleigh_milton@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **DEFENDANT'S BRIEF REGARDING THE TIMING OF THE COURT'S RULING ON THE GOVERNMENT'S MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.


Dated:  June 18, 2026                          /s/Caleigh Milton, Esq.
                                               Attorney for Defendant